IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREA SAMAYOA and MARLO HARRIS *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> BUCKHEAD LIFE RESTAURANT GROUP, INC.; PANO KARATASSOS; AND NIKO KARATASSOS <br><br> Defendants. | CIVIL ACTION NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Named Plaintiffs Andrea Samayoa and Marlo Harris, on behalf of themselves and others similarly situated, bring this action against Defendants Buckhead Life Restaurant Group, Inc., Pano Karatassos and Niko Karatassos, and allege as follows:

### NATURE OF THE ACTION

1.  In this collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Named Plaintiffs allege that Defendants willfully violated the FLSA by failing to pay the minimum wage rate for all hours worked and by failing to pay the required overtime premium rate for all hours worked over 40 per week.

1

## JURISDICTION AND VENUE

2. The Court exercises jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because the claims raise questions of federal law.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Defendant Buckhead Life Restaurant Group ("Buckhead Life") is a Georgia corporation with its principle office located at 265 Pharr Road, N.W. Atlanta, Georgia 30305, according to the Georgia Secretary of State.

5. Buckhead Life may be served with process through its registered agent, A.J. Block, Jr. 2060 Mt. Paran Road # 106, Atlanta, Georgia 30327.

6. Defendant Pano Karatassos is the founder and chief operating officer of Buckhead Life.

7. Pano Karatassos is an individual who may be served wherever he may be found.

8. Defendant Niko Karatassos is the President of Buckhead Life.

9. Named Plaintiffs worked for Defendants within the three years preceding the filing of this action.

10. Named Plaintiffs consented in writing to join this action pursuant to 29 U.S.C. § 216(b). (*See* Exhibits 1 and 2.)

11. Other similarly-situated individuals are interested in joining this action.

12. For example, Opt-in Plaintiffs Alessandro Norris, Catelinn Rater, Jessica Carr, Stefan Owens, and Taylor Castorina also consented to join this lawsuit. (*See* Exhibits 3, 4, 5, 6, and 7.)

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS ARE JOINT EMPLOYERS

13. Defendants own and operate restaurants in Atlanta, Georgia.

14. For example, Defendants own and operate "The Buckhead Diner" a restaurant located at 3073 Piedmont Road Atlanta, Georgia 30305.

15. Defendants also own and operate "Pricci" a restaurant located at 500 Pharr Road Atlanta, Georgia 30305.

16. The Buckhead Diner and Pricci are restaurants operated by Defendants for the common business purpose of selling food and drink to customers.

17. Within the three years preceding the filing of this Complaint, Defendants employed Named Plaintiff Marlo Harris as a bartender at Buckhead Diner.

18. Within the three years preceding the filing of this Complaint, Defendants employed Opt-in Plaintiff Jessica Carr as a server at Buckhead Diner.

19. Within the years preceding the filing of this Complaint, Defendants employed Named Plaintiff Andrea Samayoa as a bartender at Pricci.

20. Within the three years preceding the filing of this Complaint, Defendants employed Opt-in Plaintiff Alessandro Norris as a server and bartender at Pricci.

21. Defendants employed Plaintiffs, who engaged in commerce, engaged in the production of goods for commerce, or handled, sold, or otherwise worked on goods and materials that were moved in or produced for commerce.

22. For example, Plaintiffs used Defendants' computer systems manufactured outside the state of Georgia in performing their job duties.

23. Plaintiffs processed customer credit card transactions using Defendants' computer systems.

24. Plaintiffs sold food and beverages made from ingredients that traveled in interstate commerce.

25. Buckhead Life is an "enterprise" as that term is defined by the FLSA.

26. Buckhead Life engages in interstate commerce or the production of goods for interstate commerce.

27. Buckhead Life employs two or more individuals who work on goods or materials that have been moved in or produced for interstate commerce.

28. Buckhead Life employees use computers that were manufactured outside the state of Georgia when performing their job duties.

29. Buckhead Life's employees process customer credit card transactions when performing their job duties.

30. Buckhead Life's employees use the internet to communicate across state lines while performing their job duties.

31. Buckhead Life orders and receives at its restaurants shipments of food and beverage products that travel across state lines and are then used by its employees in performing their job duties.

32. Buckhead Life's gross annual sales or business done exceeds $500,000.

33. Buckhead Life employed Plaintiffs.

34. For example, Buckhead Life had the authority to determine the compensation practices applicable to Plaintiffs.

35. Buckhead Life had the authority to make changes to the compensation practices applicable to Plaintiffs.

36. Buckhead Life had the authority to determine the employment policies applicable to Plaintiffs.

37. Buckhead Life had the authority to make changes to the employment polices applicable to Plaintiffs.

38. Buckhead Life had the authority to hire and fire Plaintiffs.

39. Pano Karatassos also employed Plaintiffs.

40. Pano Karatassos is an "employer" as that term is defined under the FLSA, 29 U.S.C. § 203(d).

41. Pano Karatassos exercises operational control over Defendants' restaurants, including Buckhead Diner and Pricci.

42. For example, Pano Karatassos determines the compensation practices applicable to Defendants' employees, including Plaintiffs.

43. Pano Karatassos has the authority to make changes to the compensation practices applicable to Defendants' employees, including Plaintiffs.

44. Pano Karatassos has the authority to hire and fire Defendants' employees, including Plaintiffs.

45. Pano Karatassos determined the employment policies applicable to Defendants' employees, including Plaintiffs.

46. Niko Karatassos employed Plaintiffs.

47. Niko Karatassos is an "employer" as that term is defined under the FLSA, 29 U.S.C. § 203(d).

48. Niko Karatassos exercises operational control over Defendants' restaurants, including Buckhead Diner and Pricci.

49. For example, Niko Karatassos determines the compensation practices applicable to Defendants' employees, including Plaintiffs.

50. Niko Karatassos has the authority to make changes to the compensation practices applicable to Defendants' employees, including Plaintiffs.

51. Niko Karatassos has the authority to hire and fire Defendants' employees, including Plaintiffs.

52. Niko Karatassos determined the employment policies applicable to Defendants' employees, including Plaintiffs.

53. Defendants Niko Karatassos, Pano Karatassos, and Buckhead Life jointly employed Plaintiffs within the meaning of the FLSA.

## FACTUAL ALLEGATIONS CONCERNING PLAINTIFFS' COMPENSATION

54. Defendants operate the restaurants Buckhead Diner and Pricci in Atlanta, Georgia.

55. Defendants employed Named Plaintiff Samayoa as a bartender at Pricci.

56. Defendants employed Named Plaintiff Harris as a bartender at Buckhead Diner.

57. Defendants employed Opt-in Plaintiff Norris as a server and bartender at Pricci.

58. Defendants employed Opt-in Plaintiff Castorina as a server at Pricci.

59. Defendants employed Opt-in Plaintiff Owens as a server at Pricci.

60. Defendants employed Opt-in Plaintiff Carr as a server at Buckhead Diner.

61. Defendants employed Opt-in Plaintiff Rater as a bartender at Buckhead Diner.

62. Customers of Buckhead Diner and Pricci regularly leave discretionary gratuities ("tips") for the benefit of servers and bartenders.

63. The tips left by customers at Buckhead Diner and Pricci are the property of tipped employees, such as servers and bartenders.

64. Defendants take a credit against their minimum wage obligation with respect to servers and bartenders at Pricci and Buckhead Diner.

65. Defendants pay servers and bartenders at Buckhead Diner and Pricci less than $7.25 per hour in direct wages.

66. For example, Defendants paid Plaintiff Samayoa $5.00 per hour in direct wages for certain hours worked as a bartender at Pricci.

67. Defendants paid Plaintiff Castorina $2.13 per hour in direct wages for certain hours worked as a server at Pricci.

68. Defendants paid Plaintiff Carr $2.13 per hour in direct wages for certain

hours worked as a server at Buckhead Diner.

69. However, Defendants cannot legally claim a credit against the federal minimum wage because Defendants do not allow servers and bartenders, such as Plaintiffs, and others similarly situated, to retain all of their tips.

70. Defendants require servers and bartenders at Pricci and Buckhead Diner to pay for the cost of certain expenses using their tips.

71. For example, if a customer of Pricci or Buckhead Diner leaves without paying for a meal, Defendants require servers and bartenders to pay for the cost of the meal using their tips.

72. If a server or bartender breaks a glass or dish, Defendants require servers and bartenders at Pricci and Buckhead Diner to pay for the broken item using their tips.

73. Bartenders at Pricci and Buckhead Diner are required to pay for cash register shortages using their tips.

74. Because Defendants do not permit servers and bartenders at Pricci and Buckhead Diner to retain all of their tips, Defendants cannot claim a tip credit against the federal minimum wage.

75. Because Defendants cannot claim a tip credit against the federal minimum wage, Defendants must pay servers and bartenders at Pricci and Buckhead

Diner, such as Plaintiffs and others similarly situated, $7.25 in direct wages.

**FACTUAL ALLEGATIONS CONCERNING DEFENDANTS' FAILURE TO PROVIDE NOTICE OF THE TIP CREDIT**

76. Defendants fail to inform servers and bartenders at Pricci and Buckhead Diner of the amount of cash wages Defendants pay servers and bartenders.

77. Defendants fail to inform servers and bartenders at Pricci and Buckhead Diner of the amount Defendants claim as a tip credit against the federal minimum wage.

78. Defendants fail to inform servers and bartenders of Pricci and Buckhead Diner that the tip credit claimed by Defendants cannot exceed the amount of tips received by servers and bartenders.

79. Defendants fail to inform servers and bartenders of Pricci and Buckhead Diner that all tips received by servers and bartenders must be retained by them, except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

80. Defendants fail to inform servers and bartenders at Pricci and Buckhead Diner that the tip credit will not apply to servers and bartenders unless they receive notice of Defendants' obligations regarding the tip credit.

81. Because Defendants do not properly inform servers and bartenders that Defendants take a tip credit against their minimum wage obligations, Defendants

cannot claim a tip credit against the federal minimum wage.

82. Because Defendants cannot claim a tip credit against the federal minimum wage, Defendants owe servers and bartenders, such as Plaintiffs and others similarly situated, $7.25 per hour in direct wages for all non-overtime hours worked per workweek, and $10.88 per hour for all overtime hours worked per workweek.

**FACTUAL ALLEGATIONS CONCERNING DEFENDANTS' FAILURE TO PAY MINIMUM WAGE**

83. Defendants fail to pay servers and bartenders any wages for certain hours worked.

84. Defendants require servers and bartenders at Pricci and Buckhead Diner to work off the clock prior to the start of their scheduled shifts.

85. Servers and bartenders must arrive prior to the start of their scheduled shift to perform their job duties, but they are not permitted to clock into Defendants' timekeeping system until their shifts are scheduled to start.

86. For example, servers and bartenders clean Defendants' restaurant, prepare coffee and tea, fold linens, stock salt and pepper shakers, and perform other work duties prior to the start of their scheduled shifts while not clocked into Defendants' timekeeping system.

87. Defendants require servers and bartenders to attend meetings on certain

nights prior to the start of their scheduled shifts where servers and bartenders discuss food and drinks specials, taste the food and drinks, and discuss how to present the food and drinks to the customers.

88. Servers and bartenders are not permitted to clock into Defendants timekeeping system while attending these mandatory meetings.

89. Defendants also require servers and bartenders to work off the clock after Pricci and Buckhead Diner close.

90. For example, servers and bartenders clean Defendants' restaurant, clean Defendants' bathrooms, clean out the coffee and tea containers, put away dishes, fold linens, restock salt and pepper shakers, and perform other work duties after Pricci and Buckhead Diner close.

91. The managers at Pricci and Buckhead Diner clock servers and bartenders out of the timekeeping system when the restaurant closes, and require servers and bartenders to perform these closing job duties off the clock.

92. Defendants pay servers and bartenders no wages for certain hours worked before and after their shifts.

93. Defendants also remove certain hours from server's and bartender's time records.

94. Defendants pay servers and bartenders no wages for the hours

Defendants' remove from their time records.

95. Defendants' failure to pay servers and bartenders any wages for certain hours worked is a violation of the FLSA's minimum wage provisions.

96. Defendants owe servers and bartenders, such as Plaintiffs and others similarly situated, minimum wages for all hours worked.

## FACTUAL ALLEGATIONS CONCERNING DEFENDANTS' FAILURE TO PAY OVERTIME PREMIUMS

97. During certain workweeks, servers and bartenders work more than 40 hours.

98. For example, Plaintiff Samayoa typically worked between 45 and 50 hours per week.

99. Defendants fail to pay servers and bartenders at the required overtime premium rate for all hours worked over 40 per week.

100. Some of the hours servers and bartenders work off the clock prior to their scheduled shifts are overtime hours.

101. Some of the hours servers and bartenders work off the clock after Pricci and Buckhead Diner close are overtime hours.

102. Some of the hours Defendants remove from server's and bartender's time records are overtime hours.

103. Defendants pay servers and bartenders no wages for their off-the-clock

overtime hours.

104. Defendants pay servers and bartenders no wages for the overtime hours they remove from their time records.

105. Because Defendants fail to pay servers and bartenders any wages for certain hours worked over 40 per week, Defendants fail to pay servers and bartenders the overtime premium rate required by the FLSA.

106. Defendants owe servers and bartenders, such as Plaintiffs and others similarly situated, overtime pay for all hours worked over 40 per workweek.

## COUNT 1: WILLFUL FAILURE TO PAY MINIMUM WAGE

107. Defendants claim a tip credit against their federal minimum wage obligation with respect to servers and bartenders.

108. Defendants pay servers and bartenders less than $7.25 per hour in direct wages.

109. However, Defendants cannot validly claim a tip credit against the federal minimum wage because servers and bartenders are not permitted to retain all of their tips.

110. Defendants cannot validly claim a tip credit against the federal minimum wage because Defendants do not provide servers and bartenders proper notice of the tip credit claimed by Defendants.

111. Because Defendants cannot legally claim a tip credit against the federal minimum wage, Defendants must pay servers and bartenders at least $7.25 per hour for all hours worked.

112. Defendants do not pay servers and bartenders minimum wage for all hours worked.

113. Defendants require servers and bartenders to work off the clock, and pay servers and bartenders no wages for off-the-clock hours.

114. Defendants also remove hours from server and bartender time records, and pay servers and bartenders no wages for the hours Defendants remove.

115. By failing to pay servers and bartenders minimum wage for all hours worked, Defendants violated the FLSA.

116. Defendants' violation of the FLSA's minimum wage provision is willful.

117. Defendants intend not to pay servers and bartenders minimum wage for all hours worked.

118. Defendants intentional violation of the FLSA shows a reckless disregard for their obligations under the FLSA.

119. Because Defendants violated the FLSA, servers and bartenders, such as plaintiffs, and others similarly situated, are entitled to their unpaid minimum wages

for all hours worked, liquidated damages, and attorneys' fees and costs.

### COUNT 2: WILLFUL FAILURE TO PAY OVERTIME PREMIUMS

120. During certain workweeks, servers and bartenders work more than 40 hours.

121. Defendants know, or should know, that servers and bartenders work more than 40 hours during certain workweeks.

122. However, Defendants fail to pay servers and bartenders the legally required amount in direct wages for all overtime hours worked each week.

123. Defendants require servers and bartenders to work hours over 40 per workweek while off the clock, and pay servers and bartenders no wages for their off-the-clock overtime hours.

124. Defendants remove overtime hours from server and bartender time records, and pay servers and bartenders no wages for the overtime hours Defendants remove.

125. Defendants' violation of the FLSA's overtime provision, 29 U.S.C. § 207, is willful.

126. Defendants intend not to pay servers and bartenders overtime wages for all hours worked over 40 per week.

127. Defendants' intentional violation the FLSA's overtime provisions

shows a reckless disregard for server's and bartender's rights.

128. Because Defendants violated the FLSA, servers and bartenders, such as Plaintiffs, and others similarly situated, are entitled to their unpaid wages for all overtime hours worked, liquidated damages, and attorneys' fees and costs.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully requests that the Court:

(a) Declare that Defendants' actions, policies, and practices complained of herein violate the rights of Plaintiffs as secured by federal law;

(b) Enter judgment against Defendants that their violations of the FLSA were willful;

(c) Award all unpaid wages;

(d) Award liquidated damages in an amount equal to Plaintiffs' unpaid wages;

(e) Award reasonable attorneys' fees, costs, and expenses; and

(f) Award all other relief to which Plaintiffs may be entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury.

Respectfully submitted: January 16, 2018

| | |
|---|---|
| | *s/Dustin L. Crawford* |
| POOLE HUFFMAN LLC | Dustin L. Crawford |
| 315 W. Ponce de Leon Ave, Suite 344 | Ga. Bar No. 758916 |
| Decatur, Georgia 30030 | John L. Mays |
| Phone: 404-373-4008 | Ga. Bar No. 986574 |
| dustin@poolehuffman.com | |
| john@poolehuffman.com | Counsel for Plaintiffs |