IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREA SAMAYOA and MARLO HARRIS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUCKHEAD LIFE RESTAURANT GROUP, INC.; PANO KARATASSOS; and NIKO KARATASSOS,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NUMBER 1:18-cv-237-TCB |

# **O R D E R**

This case comes before the Court on Plaintiffs' motion [19] for conditional certification of a collective action and issuance of Court-approved notice.

## I. Background

This is an action for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Named Plaintiffs Andrea Samayoa and Marlo Harris seek to represent a class of current and former servers and bartenders at two restaurants owned by Defendants. They contend that Defendants Buckhead Life Restaurant Group, Inc., Pano Karatassos, and Niko Karatassos have violated the FLSA in multiple ways.

Specifically, Plaintiffs argue that Defendants claim a tip credit against their minimum wage obligation without fulfilling all their responsibilities under the FLSA. According to Plaintiffs, Defendants do not permit the servers and bartenders to keep all their tips, but require them to pay for cash-register shortages or meals for which customers fail to pay.

Also, Plaintiffs contend, Defendants do not properly inform and notify servers and bartenders of Defendants' intent to claim a tip credit against the minimum wage. Rather, according to Plaintiffs, Defendants do not inform servers and bartenders of the amount claimed, that the

tip credit cannot exceed the actual amount of tips received, that servers and bartenders must retain all their tips, and that the tip credit applies only to employees who receive proper notice.

Plaintiffs also argue that Defendants violate the FLSA by removing hours from servers' and bartenders' time records and requiring off-the-clock work.

Plaintiffs have filed a motion for conditional certification of a collective action and issuance of Court-approved notice, seeking to represent "all servers and bartenders who worked at the restaurants Pricci and Buckhead Diner in Atlanta, Georgia at any time from January 16, 2015 to the present . . . ." [19] at 1. Defendants oppose the motion for conditional certification.

## II. Discussion

In a § 216(b) action, the district court has discretion to certify a collective action and facilitate notice to potential opt-in plaintiffs.[1] The Eleventh Circuit has "sanctioned a two-stage procedure for district

---

[1] Unlike class actions under Federal Rule of Civil Procedure 23, "[p]articipants in a § 216(b) collective action must affirmatively opt into the suit." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008).

courts to effectively manage FLSA collective actions in the pretrial phase." *Morgan*, 551 F.3d at 1260. The first stage is the "notice stage" or the conditional certification stage. *Id.* "[T]he importance of certification, at the initial stage, is that it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees." *Id.* at 1259. Once the district court conditionally certifies a class, the "putative class members are given notice and the opportunity to 'opt-in,'" and "[t]he action proceeds as a representative action throughout discovery." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)).

"The second stage is triggered by an employer's motion for decertification," and it takes place when the court "has a much thicker record than it had at the notice stage . . . ." *Morgan*, 551 F.3d at 1261. Courts apply a more lenient standard at the initial "notice stage" because that decision is "usually based only on the pleadings and any affidavits which have been submitted . . . ." *Hipp*, 252 F.3d at 1218

4

(quoting *Mooney*, 54 F.3d at 1213–14). Once an employer has moved for decertification, courts apply a less lenient standard. *Morgan*, 551 F.3d at 1261.

Initially, the Court will address what appears to be a dispute regarding whether the lenient standard of the first stage should apply. Defendants contend that the Court should apply a heightened standard of review based on a "significant amount of discovery" they produced. [24] at 4 n.1. *See Ide v. Neighborhood Rest. Partners, LLC*, 32 F. Supp. 3d 1285, 1291 (N.D. Ga. 2014). However, as Plaintiffs respond, the only documents exchanged have involved damages, pursuant to the Court's order [4] in an effort to foster early resolution. No other discovery has been conducted, and discovery has been stayed, *see* [17], pending the Court's ruling on this motion for certification. Accordingly, sufficient time remains for discovery, and the Court will apply the lenient first-stage standard to the motion at hand.

Analysis at the first stage of certification contemplates two questions: (1) whether there are other employees who wish to opt-in to the action, and (2) whether those employees are "similarly situated"

with respect to their job requirements and pay provisions. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). A plaintiff must offer "detailed allegations supported by affidavits which 'successfully engage defendants' affidavits to the contrary.'" *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (quoting *Sperling v. Hoffman-LaRoche*, 118 F.R.D. 392, 406–07 (D.N.J. 1988)).

Although the plaintiff bears the burden of proof for this factual showing, the burden is not a heavy one and has been described by the Eleventh Circuit as "'not particularly stringent,' 'fairly lenient,' 'flexib[le],' 'not heavy,' and 'less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b).'" *Morgan*, 551 F.3d at 1261 (alteration in original) (first quoting *Hipp*, 252 F.3d at 1214; then quoting *id.* at 1218; then quoting *id.* at 1219; then quoting *Grayson*, 79 F.3d at 1097; then quoting *id.* at 1096). "The district court's broad discretion at the notice stage is thus constrained, to some extent, by the leniency of the standard for the exercise of that discretion." *Id.*

Plaintiffs do, however, have the burden of demonstrating a reasonable basis for believing that other individuals exist in the class

6

they propose, and they must bring forth more than "unsupported assertions that FLSA violations [are] widespread . . . ." *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983).

### A. Other Employees Who Wish to Join

Although the Eleventh Circuit has outlined a lenient standard in analyzing motions for class certification, district courts have differed in their application of this standard. In *Dybach*, the Eleventh Circuit contemplated that before facilitating notice a "district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." 942 F.2d at 1567–68. Some district courts have rejected motions that have included less than a handful of affidavits from similarly situated plaintiffs wanting to join the action, where others have conditionally certified the class with evidence of only one other plaintiff seeking to join.[2]

---

[2] *Compare Patel v. Wal-Mart Stores, Inc.*, No. 2:08-cv-337-MEF, 2009 WL 1759568, at *2 (M.D. Ala. June 19, 2009) (denying conditional collective action certification in case where plaintiff only demonstrated that three individuals wished to join the action), *and Davis v. Charoen Pokphand USA, Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) (denying certification after discovery when the three plaintiffs had not "carried their burden of demonstrating that other plaintiffs exist

Here, in addition to those of the two named Plaintiffs, five employees filed opt-in forms with the complaint. These seven have also filed declarations with the motion for conditional certification. Further, five employees have filed consent forms since Defendants filed their response brief. The Court finds that, at this stage, Plaintiffs have met their burden to demonstrate that other employees wish to join.

The cases on which Defendants rely are distinguishable. In *Linscheid v. Natus Med. Inc.*, No. 3:12-cv-67-TCB, 2012 WL 12861603, at *3 (N.D. Ga. Nov. 15, 2012), conditional certification was denied because only one opt-in plaintiff was deemed insufficient to establish interest.[3] In *Barrera v. Oficina, Inc.*, No. 10-21382-civ, 2010 WL

---

who desire to opt-in"), *with Beck v. Desoto Health & Rehab,* No. 206-cv-226-FtM-99DNF, 2007 WL 201097, at *2–3 (M.D. Fla. Jan. 24, 2007) (granting certification with affidavits from two additional plaintiffs), *and Guerra v. Big Johnson Concrete Pumping, Inc.,* No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (granting conditional certification where one other similarly situated plaintiff filed an affidavit affirming that he had personally observed other laborers facing similar wage treatment).

[3] Further, Defendants relied on *Linscheid* in part for the distinction between a situation in which employees opted into an action after it was filed and one in which the only opt-ins had submitted their consents with the original complaint. Now, as noted, five additional consent forms have been filed, so Defendants' argument along these lines no longer applies.

8

4384212 (S.D. Fla. Oct. 28, 2010), and *Hoffer v. Ocwen Loan Servicing, Inc.*, No. 08-81399-civ, 2009 WL 1404696 (S.D. Fla. May 19, 2009), conditional certification was denied because there were no opt-in plaintiffs. There is no numeric or percentage threshold at conditional certification. *See, e.g.*, *Jewell v. Aaron's, Inc.*, No. 1:12-cv-0563-AT, 2012 WL 2477039, at *8 (N.D. Ga. June 28, 2012) (conditionally certifying class despite argument that plaintiffs only represented .05% of the putative class).

Defendants filed numerous declarations from former employees who do not wish to join the action, and who state that they were not subject to or aware of FLSA violations. However, this does not change the Court's assessment. Plaintiffs have met the requirement at this stage: to offer "detailed allegations supported by affidavits which 'successfully engage defendants' affidavits to the contrary.'" *Grayson*, 79 F.3d at 1097 (quoting *Sperling*, 118 F.R.D. at 406–07). Having concluded that Plaintiffs have demonstrated that other employees wish to join the action, the Court next will analyze whether they are similarly situated to the named Plaintiffs.

## B. Similarly Situated

Neither § 216(b) nor its implementing regulations define the term "similarly situated," but courts have identified a number of factors that can be considered when determining whether other employees are similarly situated to the plaintiff in an FLSA action. These include (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; and (4) the extent to which the actions which constitute the violations claimed by Plaintiffs are similar. *See, e.g.*, *Dybach*, 942 F.2d at 1567–68 (directing district court to consider similarities in job requirements and pay provisions); *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 880 (E.D. La. 2008) (considering whether plaintiffs were victims of a common unlawful policy or practice); *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007) (considering similarities in pay provisions and primary duties of employees); *Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231,

1235 (M.D. Ala. 2003) (considering similarity of conditions for employees in locations other than plaintiff). "Plaintiffs must only demonstrate that their positions are similar, not identical, to the positions of the potential class plaintiffs." *Vondriska*, 564 F. Supp. 2d at 1335. However, a showing of similarity requires more than unsupported and generalized allegations. *Hipp*, 252 F.3d at 1219.

Here, the proposed class includes servers and bartenders of two restaurants in Atlanta. Defendants have not contended that the titles and locations are not similar. This weighs in favor of conditional certification.

Plaintiffs contend that they are similarly situated to the servers and bartenders based on their job duties and pay provisions. According to Plaintiffs' allegations, Plaintiffs and the servers and bartenders have the following in common: (1) they are classified by Defendants as tipped employees; (2) Defendants claim a tip credit against their minimum wage obligation and pay them less than minimum wage; (3) they receive tips and allegedly must use their tips to pay for certain expenses; (4) they have similar duties such as taking food and drink orders,

11

entering food orders, speaking to customers about the menu, delivering food orders to customers, and cleaning the restaurant; and

(5) Defendants allegedly remove compensable time from their records and require them to work off the clock. At this stage, some differences in wages and duties do not preclude conditional certification; Plaintiffs and the proposed class must be similarly, not identically, situated. *See Morgan*, 551 F.3d at 1243. The Court finds that the facts as alleged weigh in favor of conditional certification.

Plaintiffs contend that all servers and bartenders are subject to the same unlawful tipping policies. Specifically, they contend that Defendants require servers and bartenders to use their tips to pay for expenses such as the cost of meals for which customers do not pay, cash-register shortages, and to-go orders that customers do not pick up. They further allege that Defendants fail to provide legally sufficient notice of their intent to take a tip credit and the rules governing the use of the tip credit. They also contend that Defendants remove hours that servers and bartenders record and require them to work off the clock for

activities such as pre-shift meetings and side jobs (cleaning, restocking, etc.) after their shifts end.

Defendants argue that Plaintiffs have only alleged violations, but have not provided evidence of a common policy, plan, or scheme.[4] Defendants cite myriad cases in their opposition as to why the Court should deny certification. However, the cases are distinguishable for numerous reasons: they sought nationwide classes, had no evidence of any opt-ins, or applied the higher burden because significant factual discovery had occurred. However, at this stage, Plaintiffs have provided detailed declarations from five opt-ins (along with those from the two named Plaintiffs) that state they were subjected to various FLSA violations. They also have submitted five additional opt-in forms. Defendants have not provided a case, and the Court is aware of none, denying conditional certification with these facts. The Court finds that this also weighs in favor of conditional certification.

---

[4] Defendants also argue that Plaintiffs make shifting allegations by alleging in their amended complaint that they had to pay for broken items from their tips but submitting declarations regarding a tip pool. Although Plaintiffs will be limited to the allegations made in their complaint, the Court will not deny conditional certification based on the lack of declarations regarding broken items.

13

Much of Defendants' response involves attacking the merits of Plaintiffs' allegations, which is not appropriate at this stage. Plaintiffs do not have the burden at this stage to prove the existence of unlawful policies. *See Jackson v. Fed. Nat'l Mortg. Ass'n*, 181 F. Supp. 3d 1044, 1056–59 (N.D. Ga. 2016); *Scott v. Heartland Home Fin., Inc.*, No. 1:05-cv-2812-TWT, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006) ("At the notice stage . . . it is not appropriate for the Court to address the merits of Plaintiffs' claims or weigh the evidence."). "[I]nstead, the Court must determine only whether Plaintiff[s have] presented sufficient—not factually correct—evidence that the putative class members and Plaintiff[s] are 'similarly situated.'" *Bennett v. Advanced Cable Contractors, Inc.*, No. 1:12-cv-115-RWS, 2012 WL 1600443, at *14 (N.D. Ga. May 7, 2012). Here, Plaintiffs have come forward with more than sufficient evidence on this issue.

Defendants' argument regarding individual Plaintiffs who have not separately alleged all violations alleged in the complaint also fails. The case Defendants cite in support of their argument states that "all members of the collective action must have suffered one of [the]

violations" alleged. *See Hilley v. Tacala, LLC*, No. 2:12-cv-2691-SLB, 2014 WL 1246364, at *15 (N.D. Ala. Mar. 24, 2014). It does not state that all members must have suffered *all* of the alleged violations.[5] Defendants contend that *Williams v. Accredited Home Lenders, Inc.*, No. 1:05-cv-1681-TWT, 2006 WL 2085312, at *4 (N.D. Ga. July 25, 2006), is applicable here; however, that case was decided at the second stage, and plaintiffs faced a higher burden. Claims of individualized inquiries are not appropriate at this juncture, but should be reserved for the decertification stage. *Morgan*, 551 F.3d at 1261 (specifying that "at the second stage," courts should consider "the various defenses available to defendant[s] [that] appear to be individual to each plaintiff"); *Bradford v. CVS Pharm., Inc.*, 2013 WL 425060, at *5 (N.D. Ga. Feb. 4, 2013) (explaining that "it is not appropriate for the Court to conduct individualized inquiries at the conditional certification stage, or

---

[5] Defendants also argue that the Court should not credit the allegations of removing time Plaintiffs worked because there are more occasions on which time was adjusted in their favor. As Plaintiffs point out, however, properly adjusting time in employees' favor does not negate a claim that Defendants improperly adjusted time against the employees' best interest.

consider the possibility of having to make individualized inquiries in the future when ruling at this stage").

Similarly, although courts have differed in their approach, the Court finds that Defendants' arguments regarding manageability are more appropriately addressed after the benefit of discovery at the decertification stage. *See, e.g.*, *Vondriska*, 564 F. Supp. 2d at 1336 (asserting that "concerns regarding the manageability of the proposed class and whether the interests of judicial economy will actually be served by a collective action . . . are more appropriately addressed at the decertification stage when additional information is available regarding the characteristics of the class").

Plaintiffs have provided evidence that the departures from established policy "occurred more than sporadically" and were not just "infrequent detours from established company policies." *Veroes v. JHM Hotels, LLC*, No. 09-20060-CIV-SEITZ/O'SULLIVAN, 2009 WL 10668755, at *4 (S.D. Fla. Dec. 14, 2009) (quoting *Longcrier v. JL-A Co.*, 595 F. Supp. 2d 1218, 1240 n.29 (S.D. Ala. 2008)). The evidence Plaintiffs have provided may serve as the predicate upon which

16

affidavits of similarly situated co-workers can build. Here, the presence of at least one other co-worker raising the same allegations is enough to pass the bar of pure speculation and meet the lenient standard of review during this initial notice stage. If further factual distinguishing factors are revealed in discovery, Defendants can move to decertify the class, at which time the Court would apply a stricter standard of review.

### C. Notice

In their opposition to Plaintiffs' motion, Defendants request that if the Court grants the motion, they be permitted to file objections to Plaintiffs' proposed notice. The parties first are instructed to confer in good faith and endeavor to jointly submit a proposed notice within fourteen days. If the parties are unable to reach an agreement, then Defendants shall file any such objections within twenty-one days of the date of this Order.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion [19] for conditional certification is granted in part. Plaintiffs' claims are conditionally

certified as a collective action representing a class composed of servers and bartenders who worked at the restaurant Pricci and Buckhead Diner in Atlanta, Georgia at any time from January 16, 2015 to the present, pursuant to 29 U.S.C. § 216(b).

Defendants are hereby ordered to produce to Plaintiffs' counsel within five days a list, in electronic, importable, and searchable format, of all persons who worked as a server or bartender at Pricci or Buckhead Diner from January 16, 2015 to the present, including their names, job titles, mailing addresses, email addresses, dates of employment, and dates of birth.

The parties are instructed to confer in good faith and endeavor to jointly submit a proposed notice within fourteen days. If the parties are unable to reach an agreement, then Defendants shall file any such objections within twenty-one days of the date of this Order.

IT IS SO ORDERED this 24th day of July, 2018.

_____
Timothy C. Batten, Sr.
United States District Judge