## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREA SAMAYOA and MARLO HARRIS *on behalf of themselves and others similarly situated,* | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | 1:18-cv-00237-WMR |
| BUCKHEAD LIFE RESTAURANT GROUP, INC., PANO KARATASSOS, and NIKO KARATASSOS, | ) ) ) | |
| Defendants. | ) ) ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

(a)    Describe briefly the nature of this action.

Plaintiffs, on behalf of themselves and others similarly situated, bring this collective action against Defendants alleging that Defendants willfully violated the Fair Labor Standards Act ("FLSA") by failing to pay the minimum wage rate for all hours worked and by failing to pay the required overtime premium rate for all hours worked over forty (40) in a workweek.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Defendants operate two restaurants in Atlanta, Georgia called Pricci and Buckhead Diner. Named Plaintiff Andrea Samayoa is a former bartender at Pricci; Named Plaintiff Marlo Harris is a former bartender at Buckhead Diner. Named Plaintiffs filed this lawsuit on behalf of themselves and other similarly-situated servers and bartenders who worked for Defendants at Pricci and Buckhead Diner at any time during the three years prior to the filing of the complaint ("Plaintiffs"). Plaintiffs were tipped employees, who received compensation in the form of direct wages from their employers and tips from customers. Plaintiffs' employers took a tip credit against their minimum wage obligations with respect to servers and bartenders at Pricci and Buckhead Diner. Plaintiffs allege that Defendants did not allow servers and bartenders to retain all of their tips, but rather required them to pay for the cost of certain expenses using their tips, such as if a customer left without paying for a meal, a server or bartender broke a glass or dish, or cash register shortages. Plaintiffs also allege that Defendants failed to notify them that Defendants took a tip credit against Defendants' minimum wage obligations and failed to inform Plaintiffs of the tip-credit regulations specified in Section 203(m) of the FLSA.

Plaintiffs also allege that Defendants failed to pay servers and bartenders direct wages for all hours worked. For example, Plaintiffs allege that Defendants

removed certain hours from the timekeeping system that Plaintiffs worked and recorded. Plaintiffs also allege that they were required to work off-the-clock prior to the start of their scheduled shifts, during mandatory meetings, and after being clocked out at the end of their shifts. Finally, Plaintiffs allege that Defendants failed to pay servers and bartenders at the required overtime premium rate for all hours worked over forty (40) in a workweek, including off-the-clock work, and hours purportedly removed from time records.

Defendants categorically deny Plaintiffs' allegations.

(c)    The legal issues to be tried are as follows:

1.    Whether Defendants improperly claimed a "tip credit" against their minimum wage and/or overtime obligations to Plaintiffs in excess of the amount permitted under the FLSA;

2.    Whether Defendants provided Plaintiffs with legally-sufficient notice of the tip-credit regulations provided in Section 203(m) of the FLSA;

3.    Whether Defendants allowed Plaintiffs to retain all their tips such that Defendants can legally claim a tip credit against their minimum wage obligations;

4.    Whether Defendants unlawfully removed hours worked and recorded by Plaintiffs from Plaintiffs' time records and failed to pay Plaintiffs in accordance with the FLSA for any such unlawfully-removed hours;

3

5.      Whether Defendants failed to pay Plaintiffs the minimum wage for all hours worked;

6.      Whether Defendants failed to pay Plaintiffs at 1.5 times Plaintiffs' regular rate for all hours worked over 40 per workweek;

7.      Whether Defendants had actual or constructive knowledge that Plaintiffs worked uncompensated, or improperly compensated, hours;

8.      If Defendants violated the FLSA, the amount Plaintiffs are entitled to in monetary damages;

9.      If Defendants violated the FLSA, whether Defendants willfully violated the FLSA by acting intentionally or with reckless disregard for Plaintiffs' rights under the FLSA; and

10.     If Defendants violated the FLSA, whether Defendants can establish any of the affirmative defenses asserted in their Answer that are available under the FLSA.

(d)     The cases listed below (include both style and action number) are:

(1)     Pending Related Cases:

Not applicable.

(2)     Previously Adjudicated Related Cases:

Not applicable.

    **2.**    This case is complex because it possesses one or more of the features listed below (please check):

   __x__ (1) Unusually large number of parties

   _____ (2) Unusually large number of claims or defenses

   _____ (3) Factual issues are exceptionally complex

   __x__ (4) Greater than normal volume of evidence

   __x__ (5) Extended discovery period is needed

   _____ (6) Problems locating or preserving evidence

   _____ (7) Pending parallel investigations or action by government

   _____ (8) Multiple use of experts

   _____ (9) Need for discovery outside United States boundaries

   _____ (10) Existence of highly technical issues and proof

   _____ (11) Unusually complex discovery of electronically stored information

    **3.**    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:    Dustin L. Crawford, Esq.

Defendant:  Matthew T. Gomes, Esq.

**4.      Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

Yes _____          No __x__

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.      Parties to This Action:**

(a)      The following persons are necessary parties who have not been joined:

Defendants contend that Plaintiffs' employers under the FLSA are the following companies:

3018 Maple Corp.

3073 Corp.

(b)      The following persons are improperly joined as parties:

Defendants contend that the following parties are improperly named because the entities did not employ Plaintiffs:

Buckhead Life Restaurant Group, Inc.

Pano Karatassos

Niko Karatassos

Plaintiffs contend that the three defendants named in the Complaint and First Amended Complaint employed Plaintiffs under the FLSA.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

Not applicable.

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.      Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:

Plaintiffs may amend the pleadings to add 3018 Maple Corp. and 3073 Corp. as defendants.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should

have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.     **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     Summary Judgment Motions and Motions for Decertification: Defendants shall notify Plaintiffs' counsel with 5 days of the close of discovery whether Defendants intend to file a motion for decertification. Any motions to decertify the conditionally-certified class shall be filed within 30 days of the close of discovery. If Defendants file a motion to decertify the class, the Parties agree that motions for summary judgment, if any, shall be filed within 30 days of the Court's ruling on Defendants' motion for decertification. If Defendants do not file a motion for decertification, then motions for summary judgment shall be filed within 30 days of the close of discovery.

(c)     Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E,

respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

Because discovery in this case has been stayed, the Parties have not yet exchanged Initial Disclosures. The Parties will exchange Initial Disclosures no later than the first day of discovery.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The Parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Discovery may be needed on all aspects of Plaintiffs' First Amended Collective Action Complaint (and any subsequent amended pleadings), Defendants' Answers and affirmative defenses, and Plaintiffs' alleged damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties agree that due to the size of the conditionally-certified class and the volume of information that will be requested and produced in discovery that additional time for discovery is needed. The Parties request a nine-month discovery period to begin 14 days after the Court enters its Scheduling Order.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The Parties agree to a nine-month discovery period commencing 14 days after the Court enters its scheduling Order.

**Written Discovery:**

The parties agree that the Federal Rules and Local Rules will control permissible discovery of the named parties. Plaintiffs shall be permitted to propound on Defendants, and Defendants shall be permitted to propound upon Plaintiffs Andrea Samayoa and Marlo Harris and the five opt-in Plaintiffs who joined this lawsuit the day it was filed (Jess Marie Carr, Taylor Castorina, Alessandro Norris, Stefan Owens and Catelinn Rater) (collectively the "Named Plaintiffs") the full extent of written discovery allowed under the Federal Rules of

Civil Procedure and Local Rules of this Court.

In addition, Defendants may propound upon each of the 32 other opt-in Plaintiffs a questionnaire that may include no more than ten inquiries including any combination of interrogatories, request for production and requests for admission. The Parties agree that Defendants will submit the questionnaires to Plaintiffs' counsel before serving the questionnaires on the opt-in Plaintiffs so that counsel can confer and resolve in good faith any potential objections to the questionnaires before they are served on the opt-in Plaintiffs. Plaintiffs' counsel shall have seven days from receipt of the questionnaires to notify defense counsel of any objections. If Plaintiffs' counsel raises no objections within seven days, Defendants may serve the questionnaires on the opt-in Plaintiffs. Opt-in Plaintiffs shall have 60 days to respond to the questionnaires. If an opt-in Plaintiff fails to respond to Defendants' discovery requests within 60 days, Defendants reserve the right to pursue all remedies provided under the Federal Rules of Civil Procedure and the Local Rules; provided, however, that failure to respond to Defendants' questionnaires, without more, shall not automatically result in the exclusion of any opt-in Plaintiffs from this action.

The Parties may agree among themselves or seek leave of the Court for additional written discovery for good cause shown.

**Depositions:**

Defendants may take depositions of the Named Plaintiffs, and Plaintiffs may take depositions of Defendants, in conformance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Defendants shall also be permitted to select twelve opt-in Plaintiffs for depositions. When identifying the opt-in Plaintiffs Defendants wish to depose, Defendants will provide Plaintiffs' counsel a proposed date or dates for the deposition of each Named or opt-in Plaintiff. Plaintiffs' counsel shall have 5 business days from the date of identification to contact the proposed deponent and confirm his or her availability for the deposition. If the opt-in Plaintiff is not available for deposition on the proposed date, Defendants shall be permitted to select a different proposed date or select a different opt-in Plaintiff for deposition. If an opt-in Plaintiff fails to appear for his or her properly-noticed deposition, Defendants shall have to right to pursue all remedies provided under the Federal Rules of Civil Procedure and the Local Rules of this Court; provided, however, that failure to appear for a deposition, without more, shall not automatically result in exclusion of any opt-in Plaintiff from this action.

The Parties may agree among themselves or seek leave of the Court for additional depositions for good cause shown.

**Expert Discovery:**

Written discovery concerning Plaintiffs' and Defendants' expert witnesses, if any, shall not count against the number of written discovery requests to be propounded upon the Parties as provided above. Discovery of expert witnesses shall otherwise be governed by the Federal Rules of Civil Procedure and Local Rules of this Court.

(b)      Is any party seeking discovery of electronically stored information?

__x__ Yes            _____ No

If "yes,"

(1)      The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The electronically stored information in this case is likely to consist of Plaintiffs' paycheck earnings statements, work schedules, timeclock entries, audit trails, and point-of-sale entries, as well as emails, and the metadata associated with such ESI.  Unless otherwise specified in a request, the parties will conduct their own searches for relevant emails and will provide the opposing party with a list of custodians whose records will be searched, and the search terms used to identify responsive emails, along with any other limiting parameters. However, a

requesting party may specify the custodians, search terms, or other parameters to be applied to a specific request, and may further specify methods for conducting searches, such as conducting searches on an iterative basis (*i.e.*, sequential searches using additional and/or modified search terms); Boolean or natural language searches; and/or that searches be conducted by an individual other than the custodian whose records are to be searched.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

ESI will be produced in the format requested and in accordance with the Federal Rules of Civil Procedure. In the absence of agreement on issues regarding discovery of electronically stored information, the parties will request a scheduling conference with the Court.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on February 27, 2018, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):  /s/ Dustin L. Crawford, Esq.

Other participants:  John L. Mays, Esq.

For defendant: Lead counsel (signature):  /s/ William C. Buhay, Esq.

Other participants:  Matthew T. Gomes, Esq.

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(  x  ) A possibility of settlement before discovery.

(  x  ) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

(c)    Counsel ( x ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.

(d)   The following specific problems have created a hindrance to settlement of this case.

Not applicable.

**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20__.

(b)   The parties ( x ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 17th day of June, 2019.

/s/ Dustin L. Crawford
Dustin L. Crawford
Georgia Bar No. 758916
dcrawford@pcwlawfirm.com
John L. Mays
Georgia Bar No. 986574
jmays@pcwlawfirm.com
Parks Chesin & Walbert PC
75 14th Street
26th Floor
Atlanta, Georgia 30309
Phone: 404-873-8000
Fax: 404-873-8050

/s/ Matthew T. Gomes
Matthew T. Gomes
Georgia Bar No. 297453
mgomes@wwhgd.com
WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC
Attorneys for Defendant
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA  30326
404-876-2700
404-875-9433 Fax

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE