# **GENERAL RELEASE**

This General Release (the "**Release**") is hereby entered into by and between the undersigned whose printed name is set forth on the signature page of this Release ("**Plaintiff**"), on the one hand, and Buckhead Life Restaurant Group, Inc. ("**Buckhead Life**" or the "**Company**"), Niko Karatassos ("**Niko Karatassos**") and Pano Karatassos ("**Pano Karatassos**") (Buckhead Life, Niko Karatassos and Pano Karatassos, collectively, "**Defendants**"), on the other hand, as of the last date (the "**Execution Date**") set forth on the signature page of this Release. Each of Plaintiff and Defendants are referred to herein individually as a "**Party**," and collectively, as the "**Parties**." As used herein, the phrases "**this Release**," "**hereto**," "**hereunder**," and phrases of like import shall mean this Release between the Parties. All capitalized terms shall have the meanings ascribed to them in the Release.

WHEREAS, Plaintiff was or has been employed by Buckhead Life as a bartender or server since January 16, 2015; and

WHEREAS, a Complaint and First Amended Collective Action Complaint against Defendants alleging willful failure to pay minimum wage and willful failure to pay overtime premiums in violation of the Fair Labor Standards Act ("**FLSA**") were filed in the United States District Court for the Northern District of Georgia, Atlanta Division, captioned *Andrea Samayoa and Marlo Harris on behalf of themselves and others similarly situated v. Buckhead Life Restaurant Group, Inc., Niko Karatassos and Pano Karatassos*, Case No. 1:18-cv-00237-WMR (the "**Litigation**"); and

WHEREAS, Plaintiff filed a Consent to Join Lawsuit whereby he/she became a party to the Litigation;

WHEREAS, the Parties desire to finally and forever resolve all disputed matters between them existing as of the Execution Date of this Release, whether or not brought in the Litigation; and

WHEREAS, the Parties have entered into this Release to bring about such resolution;

NOW, THEREFORE, the Parties, with the intent of totally ending and forever foreclosing all matters or potential matters in dispute between the Parties up to the time of this Release, thereby assuring peace between the Parties based on such matters, in return for the mutual promises and consideration contained herein, the sufficiency of which is expressly acknowledged, agree as follows:

1. **Settlement Payment.** In consideration for the promises and release of claims provided in this Agreement, Defendants agree to pay Plaintiffs the gross sum of two hundred sixty-four thousand one hundred three dollars and fifty-four cents ($264,103.54). Of this amount, one hundred fourteen thousand one hundred three dollars and fifty-four cents ($114,103.54) shall be paid to Plaintiffs and one hundred fifty thousand dollars ($150,000) shall be paid to Plaintiffs' counsel for alleged attorney fees and costs of litigation. Provided that the Plaintiff executes, and does not revoke, this Release, the Company shall pay Plaintiff the amount(s) set forth next to his/her name on the attached Exhibit A, less any applicable taxes, withholdings and deductions (the "**Settlement Payment**"). Plaintiff understands that his/her entitlement to and retention of

the Settlement Payment is expressly conditioned upon his/her fulfillment of the promises in this Release. The Parties agree that the Settlement Payment shall constitute full, final, and complete settlement of any wages, damages, monies, liabilities, or other obligations claimed to be owed to Plaintiff by Defendants. The total sum of $264,103.54 shall be paid in three equal monthly installments to Plaintiffs' counsel who will distribute the Settlement Payment to Plaintiffs.

2. **General Release.** In consideration of the foregoing, Plaintiff does hereby knowingly and voluntarily release and forever discharge, both jointly and severally, Defendants, their corporate subsidiaries, parents, and affiliates, and their current and former partners, owners, shareholders, members, directors, officers, managers, employees, attorneys, consultants, contractors, servants, agents, insurers and spouses, together with their predecessors, successors, heirs and assigns (hereinafter collectively referred to as the "**Releasees**"), from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, contracts, torts, damages, attorney's fees, judgments, rights, claims, and demands whatsoever, in law or in equity (hereinafter collectively referred to as "**Claims**"), whether known or unknown, which Plaintiff ever had, now has, or may or might in the future have against Releasees, arising out of events or occurrences arising at or before the moment Plaintiff signs this Release. For the purpose of clarity, the Claims that Plaintiff is releasing include, but are not limited to, the following: (i) those Claims which were, or could have been, brought in the Litigation; (ii) those Claims arising under the FLSA; and (iii) those Claims arising under the Age Discrimination in Employment Act of 1967 ("**ADEA**"), as amended by the Older Workers Benefit Protection Act ("**OWBPA**"); provided, however, that this Release does not waive rights or Claims that may arise in the future based on acts or events that occur after the Execution Date.

3. **Acknowledgments.** The Parties acknowledge and agree that the consideration being provided to them in exchange for this Release is in addition to anything of value to which they already were entitled. The Parties acknowledge and agree that they have read and understand all the terms and conditions of the Release; that they were not coerced, pressured or forced in any way to accept the terms of this Release; and that they are entering into this Release knowingly and voluntarily, and without promise or benefit other than as set forth herein.

4. **OWBPA Acknowledgments.** Plaintiff is hereby advised in writing to consult with an attorney prior to executing the Release. Plaintiff acknowledges and agrees that he/she had a period of twenty-one (21) days within which to consider his/her waiver and release of ADEA claims set forth in Section 2(iii) of this Release; that for a period of seven (7) days following his/her execution of this Release, he/she may revoke his/her waiver and release of ADEA claims set forth in Section 2(iii) by mailing written notice of his/her revocation to the Company c/o Matthew T. Gomes, Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, Georgia 30326; and that his/her waiver and release of ADEA claims set forth in Section 2(iii) shall not become effective or enforceable until the first day after this revocation period has expired. With the exception of Section 2(iii), all other terms, conditions, waivers and releases set forth in this Release shall be effective as of the Execution Date.

5. **Denial of Wrongdoing.** It is further understood and agreed that the payment and benefits conferred herein are not to be construed as an admission of liability on the part of the persons, corporations and entities hereby released, by whom liability is expressly denied.

6.	**Non-Admission.**  This Release is entered into solely in order to compromise and settle disputed claims, without any acquiescence, acknowledgement, or agreement by any Party as to the merit of any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, expenses, attorney's fees, costs, punitive damages, penalties, judgments, claims or demands released herein.  Neither this Release nor any part thereof shall be, or be used as, evidence or an admission of liability by anyone, at any time, for any purpose.

7.	**Basis for Settlement.**  Each Party acknowledges and agrees that the terms of this Release are, and have been agreed to, for their mutual convenience, in part to avoid the expense, distraction, risk and uncertainty of further litigation, and after considering the risks of litigation and the circumstances of their respective businesses.  Each Party also acknowledges and agrees that he, she or it has relied entirely on his, her or its own judgment, belief and knowledge (including his, her or its judgment, belief and knowledge with respect to the foregoing, the extent and duration of the claimed damages in the case, and the value of settling the case at this time) and the advice and recommendations of his, her or its own independently selected counsel, and, accordingly, except as set forth herein, neither he, she nor it, nor anyone acting on his, her or its behalf shall (or shall have the right to) deny or challenge the validity of this Release or any of the obligations of the Parties hereunder.

8.	**Successors and Assigns.**  This Release shall be binding upon and inure to the benefit of the Parties and their heirs, executors, administrators, conservators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims by, on behalf of, or through them based or founded upon any of the claims released herein.

9.	**Severability.**  In the event that any term, covenant, condition, agreement, section or provision hereof shall be deemed invalid or unenforceable, this Release shall not terminate or be deemed void or voidable, but shall continue in full force and effect and there shall be substituted for such stricken provision a like but legal and enforceable provision which most nearly accomplishes the intention of the Parties.

10.	**Entire Agreement.**  This Release constitutes the entire agreement between the Parties regarding the subject matter set forth herein all prior agreements, contracts, statements, understandings, negotiations, representations or warranties regarding such subject matters, including the Employment Release, are expressly superseded and merged herein.  Except as set forth in this Release, no Party has relied upon the representations of any other Party to induce them to enter into this Release.  It is expressly understood and agreed that this Release may not be altered, amended, waived, modified or otherwise changed in any respect or particular whatsoever except by writing duly executed by authorized representatives of the Parties.

11.	**Waiver.**  Failure by any Party to insist upon strict performance of any provision herein by any other Party shall not be deemed a waiver by such Party of his/her or its rights or remedies or a waiver by it of any subsequent default by such other Party, and no waiver shall be effective unless it is in writing and duly executed by the Party entitled to enforce the provision being waived.

12.	**Counterparts.**  This Release may be executed simultaneously in one or more counterparts, any of which shall be deemed an original, and all of which together shall constitute

one and the same instrument, notwithstanding that all Parties are not a signatory to the original or the same counterpart.  Facsimile or electronic signatures shall be treated as originals.

  In witness of the foregoing and intending to be bound by the terms of this Release, the Parties execute this Release as of the last date set forth below.

| **PLAINTIFF** | **BUCKHEAD LIFE RESTAURANT GROUP, INC.** |
|---|---|
| _____ | _____ |
| Signature | Signature |
| _____ | _____ |
| Print Name | Print Name |
| _____ | _____ |
| Date | Date |

**NIKO KARATASSOS**

_____
Signature

_____
Date

**PANO KARATASSOS**

_____
Signature

_____
Date

**EXHIBIT A – SETTLEMENT BREAKDOWN PER CLASS MEMBER**

| First Name | Last Name | Total Settlement amount |
|---|---|---|
| Celerino | Alvarado | $ 1,377.79 |
| Rachel | Banks | $ 6,237.69 |
| Brittany | Barger | $ 637.55 |
| Chelsea | Blake | $ 2,536.31 |
| Lee | Broady | $ 58.95 |
| Jessica | Carr | $ 5,295.22 |
| Taylor | Castorina | $ 857.73 |
| Michael | Cerciello | $ 469.51 |
| Franchesca | Dunmeyer | $ 8,915.74 |
| Christopher | Elder | $ 74.02 |
| Janada | Fane | $ 2,306.04 |
| Harrison | Flanders | $ 3,985.44 |
| Alexandria | Glover | $ 1,256.17 |
| Marlo | Harris | $ 4,774.09 |
| Eric | Johanos | $ 2,237.59 |
| Timothy R. | Marble | $ 50.00 |
| Michael | Marling | $ 50.00 |
| Celeste | Martinez | $ 7,008.53 |
| LeMarcus | Mattox | $ 50.00 |
| Matt | McLaughlin | $ 277.55 |
| Sabrina | Merli | $ 54.56 |
| Jajvan | Mitchell | $ 150.46 |
| Christine | Morgan-Udell | $ 3,806.46 |
| Alessandro | Norris | $ 7,485.55 |
| Shaun | Northcutt | $ 2,365.99 |
| Stephan | Owens | $ 3,063.48 |
| Edgar | Pacheco | $ 10,063.61 |
| Philip Edward | Parnell | $ 313.62 |
| Lindsey | Parscale | $ 3,331.21 |
| Adam | Prewitt | $ 316.46 |
| Novak | Radovic | $ 5,253.80 |
| Timothy Alan | Range | $ 50.00 |
| Catelinn | Rater | $ 2,089.80 |
| Alec | Ross | $ 3,167.69 |
| Andrea | Samayoa | $ 10,174.75 |
| McKehna | Thiem | $ 4,213.67 |
| Jenna | Townes | $ 7,891.63 |
| Cortina | Walker | $ 1,526.91 |
| Martinez | Williams | $ 327.97 |